**Derrick TABOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52155.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 30, 1987.

Application to Transfer Denied
Nov. 17, 1987.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of forcible rape with a deadly weapon and first degree robbery. He was sentenced to life imprisonment for the rape and a consecutive fifteen years' imprisonment for the robbery. This court upheld the conviction on direct appeal. *Tabor v. State*, 657 S.W.2d 317 (Mo.App.1983).

Movant claims his trial attorney was ineffective for failing to request tests on the pubic hairs which were in the rape kit. Movant further claims his convictions should be vacated because the State failed to preserve a vaginal swab from which tests could have been made which might have exonerated movant.

Movant cites *Davis v. Pitchess*, 388 F.Supp. 105 (C.D.Cal.1974), *aff'd*, 518 F.2d 141 (9th Cir.1975), *rev'd on other grounds*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) for the proposition that a movant is entitled to post-conviction relief when the prosecutor or the police suppress exculpatory evidence. Movant's statement of the law is correct. His statement of the facts, however, is refuted by the evidence.

The only evidence at the hearing on this issue came from an employee of the police laboratory who testified the rape kit did not contain a vaginal swab when it arrived at the laboratory. The police were unable to test for any evidence, incriminating or exculpatory. The defense was informed about all of the evidence in the case. The State could not have preserved a piece of evidence which it never possessed, and we find no misconduct or even inadvertent suppression of exculpatory evidence on the

part of the State that would support a vacation of movant's convictions.

■ As to movant's allegation of ineffective assistance of counsel, movant also failed to sustain his burden. Assuming a test on the pubic hairs would have shown hairs other than the victim's hairs, and assuming the hairs could have been identified as belonging to a percentage of the population to which movant did not belong, there would still be no evidence excluding the possibility movant committed the crime. Any foreign hairs could have been from a person other than the rapist.

On the other hand, the witness from the police laboratory testified pubic hairs from black males are difficult to differentiate. It is probable movant would have been identified as a member of the large percentage of black males who could have committed the rape.

Ordinarily, the choice of witnesses and defense tactics are matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Jackson v. State,* 729 S.W.2d 253, 255[1] (Mo.App.1987).

Without the test on the pubic hair, the State had no physical evidence to link movant to the rape. The State had to rely on eyewitness identifications. The most likely results of requesting the test would have been no evidence either way if no foreign hairs were found, or some physical evidence which was likely to bolster the identifications. The trial court was not clearly erroneous in finding there was no ineffective assistance of counsel.

Judgment affirmed.

KELLY, P.J., and PUDLOWSKI, J., concur.