**STATE of Missouri, Respondent,**

v.

**James COOK, Appellant.**

**James COOK, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55172, 56126.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 5, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 11, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Timothy J. Walk, Scott E. Walter, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, James Cook, was convicted by a jury of one count of first degree robbery, one count of first degree burglary, and one count of armed criminal action. He was sentenced as a prior offender, persistent offender, and a class "X" offender pursuant to RSMo § 557.036, RSMo § 558.016, and RSMo § 558.019 (1986), respectively. Appellant received a sentence of twenty years imprisonment for first degree robbery, a consecutive ten year sentence for first degree burglary, and a concurrent five year term for armed criminal action. This is a consolidated appeal pursuant to Rule 29.15(*l*) comprised of appellant's claim of trial error and appellant's appeal from the motion court's denial of post conviction relief. We affirm.

The evidence favorable to the verdict disclosed that on March 5, 1987, Deborah Griffin returned home around 7:00 or 8:00 in the evening. As she opened the door to her apartment, the appellant and an accomplice, Ernest Staples, approached her from behind and pushed her into the apartment. Appellant then forced Ms. Griffin to kneel on the floor of her living room. While appellant brandished a handgun to make sure Ms. Griffin cooperated, Ernest Staples took a gold ring, a gold watch, and a wallet from Ms. Griffin's purse. The perpetrators then left Ms. Griffin's apartment through the back door. As they were leaving, they passed Ms. Griffin's live-in boyfriend, Michael Bellamy. Ms. Griffin and Michael Bellamy positively (and independently) identified the appellant and Ernest Staples

as the men who committed the crime by picking them out in police photographs and later during police lineups. Both Ms. Griffin and Mr. Bellamy testified during appellant's trial which began on June 21, 1988, and ended with the jury's verdict the next afternoon, June 22, 1988. At the beginning of trial on June 22, 1988, the trial court engaged in the following colloquy with one of the jurors, Ernest Walton, in open court:

THE COURT: Mr. Walton, would you step over here, please?

JUROR WALTON: Yes.

THE COURT: This is juror number 441 Ernest Walton. Mr. Walton, the court noticed a couple times yesterday you had your eyes closed. Did you hear all of the evidence that was presented yesterday, sir?

JUROR WALTON: Yes, sir.

THE COURT: Okay. Well, that's all I want to know.

JUROR WALTON: Yeah.

THE COURT: Thank you very much. You can go take your seat right there.

Appellant, in his direct appeal, alleges as error the trial court's failure to take measures to correct the "misconduct" of juror Walton. Although appellant does not clearly enunciate how Juror Walton's possible lapse of concentration affected appellant's right to a fair trial, appellant seems to assert that juror Walton likely missed important testimony. Appellant's trial counsel did not preserve this issue for appeal because he failed to object in any way to the court's decision to allow Juror Walton to continue to serve as a juror. We can, therefore, only review this issue under the plain error rule and can only reverse the trial court's action if we are convinced that an injustice or a miscarriage of justice may result. Rule 29.12 (1989 Supp.). *State v. Boyer,* 646 S.W.2d 876, 880 (Mo. App., E.D.1983).

Not surprisingly, this is not the only time a juror has been caught "napping". In *State v. Tabor,* 657 S.W.2d 317 (Mo.App., E.D.1983), a juror was apparently asleep and had to be awakened by the sheriff. *Tabor,* 657 S.W.2d at 320. The defendant's attorney then asked that this juror be re-moved in favor of an alternate but the trial judge denied this request because the judge believed that the juror had fallen asleep for only a very short period of time. *Id.* In upholding the trial court's action, our court stated that "a trial court's response to alleged [juror] misconduct lies within its sound discretion." *Id.* The *Tabor* decision further noted that, in a claim of juror misconduct, one must show that the juror's conduct was prejudicial. *Id.*

In the case at bar, the trial court questioned juror Walton before the start of the second day of trial after noticing that the juror had his eyes closed a couple of times during the first day of the trial. The trial court is in a far better position than we are to determine whether the juror's momentary lapses caused him to not hear evidence and prejudiced the rights of the appellant. The trial court's decision to allow juror Walton to continue as a juror was not an abuse of its discretion, nor did the decision constitute a miscarriage of justice.

Appellant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. Appellant asserts that the motion court erred in denying him relief pursuant to Rule 29.15 based on his claim of ineffective assistance of counsel; appellant claims his trial counsel refused to permit appellant to testify. We have reviewed this allegation, the entirety of the record on which it was based, and the motion court's findings and conclusions. We do not find the court's findings and conclusions to be clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). We also find that an extended opinion on this matter would have no precedential value and, therefore, we affirm the motion court's denial pursuant to Rule 84.16(b).

Since we find no plain error in the trial court's handling of alleged juror misconduct and no error in the motion court's denial of appellant's Rule 29.15 motion, we affirm appellant's conviction and sentence.

REINHARD and CRIST, JJ., concur.