Raymond Craig
**HIGGINBOTHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56527.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

**268**

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 29.15 motion to vacate his sentence after an evidentiary hearing. We affirm.

Defendant was convicted by a jury of second degree murder and armed criminal action. His conviction was affirmed on appeal in *State v. Higginbotham*, 765 S.W.2d 352 (Mo.App.1989).

On July 1, 1988, defendant filed his *pro se* Rule 29.15 motion. An amended motion was filed on November 7, 1988. The motion court held an evidentiary hearing on defendant's motion on December 2, 1988. The motion court entered its findings of fact, conclusions of law and order on February 24, 1989, denying defendant's motion.

Defendant alleges error in the motion court's denial of his motion where his trial attorney failed to: (1) set aside the verdict or request a new trial on the grounds the jury foreperson indicated defendant was convicted solely because of his skin color; (2) object to the testimony of Bernice Toler as speculative; and (3) present Officer Robert Swapshire as a surrebuttal witness.

Appellate review of a motion court's action in a Rule 29.15 proceeding is limited to a determination of whether findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). Further, for defendant to prevail on a claim of ineffective assistance of counsel, he must show (1) that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) defendant was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987).

Defendant asserts trial counsel failed to move to set aside the verdict or request a new trial when the jury foreperson indicated defendant was convicted because of his race.

On January 6, 1988, prior to defendant's sentencing, Leanna Shuck (the jury foreperson) wrote a letter to Judge Robert Dierker (the trial judge) expressing her views of the outcome of the case. In her letter, Ms. Shuck stated "[t]here was more than one of my fellow jurors that were not at all shy about letting me know that they were prejudiced and [defendant] was guilty simply because he was black....."

Trial counsel did not raise this issue in defendant's motion for new trial. However, the motion court stated in its findings and conclusions in defendant's Rule 29.15 motion, "[t]rial judge ... was aware of the letter from the juror at the time the motion for new trial was argued. He properly ruled, 'I do not believe it is entitled to any consideration, insofar as it discussed the deliberations of the jury.' It is a hornbook law that a juror may not be heard to impeach her verdict. This issue is denied the movant...."

The letter from the foreperson was sent to the trial judge prior to sentencing. At defendant's motion for new trial and sentencing the trial court stated: "With regard to the letter the Court received from the [foreperson] of the jury ... I will make it part of the record with reluctance. I do not believe it is entitled to any consideration, insofar as it discussed the deliberations of the jury. The jury returned its verdict. Ms. Shuck and all the jurors af-

firmed that the verdicts were their verdicts...."

It is clear from the record the trial court was aware of Ms. Shuck's letter at defendant's hearing on his motion for new trial and determined it was not entitled to any consideration. Thus defendant is now unable to show that but for trial counsel's failure to raise the issue in his motion for new trial the outcome of the case would have been different.

Further, the motion court properly ruled against movant on this point. After the jury rendered its verdict it was too late to show prejudice. Jurors may not impeach a verdict once it is rendered. *State v. Jones*, 661 S.W.2d 814, 816[5] (Mo.App.1983). Point denied.

■ Defendant next asserts his trial counsel erred in failing to object to the testimony of Bernice Toler as speculative to what might have occurred between defendant and victim. Ms. Toler testified at trial that the victim lived at her home. She was home the day defendant shot victim at her home. She testified she heard defendant and victim struggle in her kitchen; she saw defendant and victim scuffle as they entered an adjacent bedroom; and she saw defendant push victim down on the bed and shoot him.

The motion court found Ms. Toler's testimony to be a detailed, eyewitness account of what she saw of the shooting and that she was cross-examined extensively as to her observations. We agree. Defendant was not prejudiced for trial counsel's failure to object to Ms. Toler's testimony as it was relevant, and trial counsel cannot be deemed ineffective for failing to make a nonmeritorious objection. *Shaw v. State*, 686 S.W.2d 513, 516[6, 9] (Mo.App.1985). Point denied.

■ Finally, defendant alleges his trial counsel was ineffective for failing to present the testimony of Officer Robert Swapshire. At trial, defendant denied involvement in a robbery committed by the victim. That robbery eventually led to defendant's car being towed and to a dispute over the towing charge between defendant and the victim.

Keith Swift, the victim of the robbery, testified at trial that defendant was not involved in the robbery. To rebut this testimony, the State called Officer Barry Lalumandier, who testified Swift initially stated defendant had been involved in the robbery.

Defendant now contends trial counsel should have called Officer Swapshire, the officer who spoke to Swift at the warrant office regarding the robbery. Officer Swapshire's testimony would have been that Swift stated defendant was not involved in the robbery. Defendant claims such testimony would have rebutted Officer Lalumandier's testimony.

Swift testified at trial that defendant was not involved in the robbery. Defendant at the hearing motion testified that Swift's testimony was what he had expected. Nothing in the record indicates Officer Swapshire's testimony would have offered any more than Swift's own testimony. Swift himself testified defendant was not involved in the robbery, thereby recanting any statements he had made otherwise. No purpose would have been served in Officer Swapshire's testimony of the same.

Ordinarily, the choice of witnesses and defense tactics are matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Tabor v. State*, 738 S.W.2d 506, 507 [2, 3] (Mo.App.1987). Defendant was not prejudiced by his trial counsel's failure to call Officer Swapshire to testify. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.