**Derrick TABOR, Appellant,**

v.

**Bill ARMONTROUT, Warden, et al., Appellees.**

No. 90–2413.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided April 19, 1991.

T. Evan Schaeffer, St. Louis, Mo., for appellant.

David J. Hansen, Jefferson City, Mo., for appellees.

Before McMILLIAN and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Derrick Tabor appeals from a judgment of the district court[1] dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.

Tabor was convicted of rape with a weapon and first degree robbery. His conviction was upheld on appeal. *State v. Tabor*, 657 S.W.2d 317 (Mo.Ct.App.1983). His Rule 27.26 motion for post-conviction relief was denied. *Tabor v. State*, 738 S.W.2d 506 (Mo.Ct.App.1987). In his habeas petition Tabor alleged that he was denied due process of law because the state failed to preserve a vaginal swab taken from the victim. He also alleged that his counsel was ineffective in failing to conduct certain scientific examinations and in mentioning prior convictions during voir dire.

The district court, which adopted the recommendation of the magistrate,[2] found the allegations to be without merit. As to the missing vaginal swab, the court found that Tabor had failed to demonstrate that the loss was caused by the bad faith of the police. *See Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988) ("unless criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"). As to his ineffective assistance of counsel claims, the court found that the claim concerning scientific testing was based on conjecture, and that the claim concerning his prior convictions was probably barred but found in any event that Tabor had not demonstrated sufficient prejudice from any alleged error.

█ Tabor first argues that the district court erred in dismissing his claim concerning the missing vaginal swab without conducting an evidentiary hearing. An evidentiary hearing is not required if a petitioner received fair hearing in state court. *Beavers v. Lockhart*, 755 F.2d 657,

661 (8th Cir.1985). We disagree with Tabor's assertion that the state post-conviction hearing was inadequate because the *Youngblood* "bad faith" standard was imposed after the hearing. As the state notes, at the time of the hearing the conduct of the police was a relevant factor in establishing a due process violation. *See, e.g., California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In this case, the state court held that the loss was not caused by any misconduct on the part of the police, noting that the police never had possession of the swab. *Tabor v. State*, 738 S.W.2d at 506–07. If Tabor could not demonstrate misconduct, he could not demonstrate bad faith.

█ We also find that the district court did not err in dismissing Tabor's ineffective assistance of counsel claims. We agree with the district court that counsel was not ineffective in failing to request certain scientific testing. As the state court noted, "[t]he most likely results ... would have been no evidence either way ..., or some physical evidence which was likely to bolster the identifications." *Id.* at 507. However, unlike the district court, we do not reach the merits of Tabor's claim concerning his prior convictions. We agree with the state that the claim is procedurally barred because Tabor failed to present the claim to the Missouri Court of Appeals in the appeal of the denial of his Rule 27.26 motion. *See Gilmore v. Armontrout*, 861 F.2d 1061, 1065–66 (8th Cir.1988), *cert. denied*, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989).[3]

Accordingly, we affirm the judgment of the district court.

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri.

3. In his reply brief Tabor appears to concede that the claim is barred under *Gilmore*. Tabor does not allege cause or prejudice to excuse the bar but instead asks this panel to overrule *Gilmore*, which we may not do.