STATE of Missouri, Plaintiff–
Respondent,

v.

Jerry Lee MARTIN, Defendant–Appellant.

No. 21357.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 1997.

from which our authority flows." *Hillenburg,*

A. Renae Adamson, Asst. Public Defender, Columbia, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

PREWITT, Judge.

Following jury trial, Defendant–Appellant was convicted of driving while intoxicated and sentenced to three years' imprisonment. Defendant appeals contending that the "trial court plainly erred, resulting in a manifest injustice, when it failed to remove Juror Number 10 and replace her with the alternate . . . in that Juror Number 10 was unable to perform her duties as a juror by sleeping in the jury box during defense counsel's closing argument. . . ."

The record reveals that the following occurred during the closing argument of Defendant's attorney:

[DEFENSE COUNSEL]: Excuse me, Your Honor, may I have a sidebar?

THE COURT: Yes.

(Counsel for the Plaintiff, counsel for the Defendant, and the court reporter approached the bench and the following proceedings were entered of record):

[DEFENSE COUNSEL]: Your Honor, I don't know what her name is, but there's a juror in the back row whose eyes are closed and she appears to be sleeping.

THE COURT: Do you want me to say something?

[DEFENSE COUNSEL]: No, but I do want to make sure she's awake for this.

THE COURT: Why don't I just say something like ladies and gentlemen, this part of the trial is extremely important and I'd hope that we all stay awake.

[PROSECUTOR]: I don't know what we should say, but maybe you can just say that this part of the trial is very important and everyone should pay attention or something to that effect.

THE COURT: Is that all right?

879 S.W.2d at 656.

[DEFENSE COUNSEL]: I think so, Your Honor.

THE COURT: Okay.

(End of bench conference.)

THE COURT: Ladies and gentlemen, this is a very important part of the trial and I would hope that you would all pay strict attention. Thank you very much. You may continue.

■ Defendant acknowledges that as no request to remove the juror was made during the trial, review of this contention must be under Rule 30.20. That rule provides that this Court can review plain error "in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." In seeking plain error review, Defendant must show that manifest injustice or miscarriage of justice will result if left uncorrected. *State v. Gregory*, 832 S.W.2d 526, 527 (Mo.App.1992).

■ Whether to remove a juror who may be asleep, even if requested, is within the discretion of the trial court. *State v. Whitman*, 788 S.W.2d 328, 337 (Mo.App. 1990); *State v. Cook*, 782 S.W.2d 762, 763 (Mo.App.1989). Unrequested action or relief should be granted by the trial court only in exceptional circumstances as, of course, such relief may be against the wishes of the party who might be entitled to such relief. *See State v. Drewel*, 835 S.W.2d 494, 498 (Mo. App.1992).

■ Manifest injustice or a miscarriage of justice has not been established here. As we computed, Defendant's counsel was approximately thirty-five percent through his closing argument when he informed the court that the juror "appears to be asleep." This, of course, assumes that she was asleep and whether that occurred was never established. No request was made to remove her and it appears that Defendant's counsel was satisfied with the relief received. For whatever reason, which would be unknown to us, he may have wanted that juror to remain. Defendant's counsel appeared to be satisfied with the court's remarks when made and the contention now presented comes too late.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.