**Theodore L. IRVING, II, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39891.**

Missouri Court of Appeals,
Western District.

June 21, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Dennis J.C. Owens, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, J., Presiding, and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Theodore L. Irving, II, was convicted by a jury of promoting prostitution in the second degree, § 567.060, RSMo 1978. Mr. Irving's conviction arose out of his participation in the operation of the V.I.P. Massage Parlor in Kansas City. The state contended that masseuses at the V.I.P. were engaging in acts of prostitution, and that, during the relevant period of time, Mr. Irving controlled the operation via phone calls he placed from Leavenworth Penitentiary where he was serving a sentence related to federal tax charges. Upon a finding by the trial court that Mr. Irving was a prior offender, he was sentenced to seven years imprisonment and a fine of $5,000.00. His conviction was affirmed by this court on direct appeal. *State v. Irving*, 714 S.W.2d 618 (Mo.App.1986).

Mr. Irving filed a motion to vacate or set aside the verdict under Rule 27.26 alleging ineffective assistance of counsel. After holding an evidentiary hearing on the motion, the hearing court denied relief. Mr. Irving contends in this court that the evidence adduced at the hearing was sufficient to establish ineffective assistance of counsel. The judgment is affirmed.

Mr. Irving was initially represented in the criminal proceedings by Harold L. Holliday, Jr. Mr. Holliday was convicted of a felony on November 20, 1984. He was suspended from the practice of law on April 4, 1985, and subsequently disbarred. Mr. Holliday's attorney assumed responsibility for Mr. Irving's case. Mr. Irving's allegations of ineffective assistance of counsel concern his counsel's preparation for and conduct of Mr. Irving's criminal trial, which was held March 25, 1985.

Mr. Irving's trial had originally been set for January 28, 1985, but when that day arrived and it appeared that Mr. Irving was effectively without counsel, the trial court granted Mr. Irving's oral motion for a continuance. The court instructed Mr. Irving to obtain counsel and be ready for trial on March 11, 1985. Mr. Irving, however, did not retain new counsel until the week prior to the new trial date. On March 11, 1985, counsel entered his appearance, and the prosecuting attorney filed a "notice of engaged counsel." The trial was again reset, this time for March 25, 1985, which gave new counsel two weeks to prepare. The attorney spoke to the trial judge about a further continuance to no avail. Counsel spent a period of nine days, including two full weekends, preparing for trial. He admitted that he probably spent no more than an hour conferring with defendant about the case but stated he had as much time as he thought necessary. He spoke briefly with both Mr. Holliday and Mr. Minton, another attorney in Mr. Holliday's firm, about the case but learned little that would be of value. He reviewed boxes of disorganized files and documents.

At trial, counsel made an opening statement and a closing argument. He called one witness, Kent Minton. Mr. Irving was convicted.

At the Rule 27.26 hearing, five witnesses testified: Mr. Irving; Mrs. Charlene Irving nee Kennedy; Mr. Irving's trial counsel; Elvin Boone (a prison acquaintance of Mr. Irving's); and Michael Byrne (Mr. Irving's brother-in-law, who observed the trial).

Appellate review of the denial of a Rule 27.26 motion is limited to a determination

of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j). The trial court's findings are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

To prove a claim of ineffective assistance of counsel, a Rule 27.26 movant must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The deficiency is shown by counsel's acts or omissions which, in the light of all the circumstances, were "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. Counsel is presumed competent, and the movant bears a heavy burden to overcome that presumption. *Id.* at 687, 104 S.Ct. at 2064; *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979).

Prejudice is shown by proof that, but for counsel's unprofessional errors, there was a reasonable probability that the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Prejudice is not presumed from a showing of deficient performance of counsel, but must be affirmatively proved. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding, *Id.;* rather, defendant must show that there is a reasonable probability that, but for the errors by counsel, the factfinder would have had a reasonable doubt respecting guilt. *Id.* at 694–95, 104 S.Ct. at 2068; *Richardson*, 719 S.W.2d at 916.

If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, that course should be followed, *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. "There is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*

Mr. Irving has failed to carry his burden of showing prejudice. Although Mr. Irving cites *Burton v. State*, 641 S.W.2d 95 (Mo.1982), to show that he recognizes his burden to show prejudice, he has, in fact, made no actual attempt to do so.

The burden is on Mr. Irving to furnish the appellate court with a transcript of trial proceedings containing all material necessary to make a determination on the issues he raises, and, where that information is not included, an appellate court, in numerous circumstances, will be unable to determine that the trial court erred. *Rainwater v. State*, 676 S.W.2d 310, 311 (Mo.App. 1984). Mr. Irving's "Presentation of Record in Support of Motion to Vacate" consisted only of counsel's opening statement and closing argument at trial. Neither the hearing court nor this court was provided with the transcript of the criminal trial. The hearing court, therefore, had no way of assessing the strength of the evidence supporting the verdict or the likely impact of the alleged errors of counsel on the outcome of the trial.

The U.S. Supreme Court has stated:

A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.... A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the Defendant has met the burden of showing that the decision reached would reasonably likely have been different.

*Strickland*, 466 U.S. at 695–96, 104 S.Ct. at 2068–69. While it may not be necessary in every Rule 27.26 proceeding alleging ineffective assistance of counsel to incorporate the trial transcript into the record, if the transcript is omitted, the hearing court may find itself without an adequate basis upon which to evaluate prejudice. Mr. Irving presented no legal argument or authority demonstrating that any of the omitted testimony or evidence which he alleges rendered counsel ineffective would have established a viable defense to the crime

charged. Whether all of the alleged errors taken together might have changed the result of the trial cannot be determined in this case without an assessment of the nature and strength of the evidence supporting Mr. Irving's conviction. On the record presented, the hearing court would have been justified in denying Mr. Irving's motion solely on the ground that he had failed to carry his burden of showing prejudice.

Under *Strickland*, it is unnecessary for the reviewing court to proceed after having found a failure to show prejudice. Mr. Irving argues numerous instances of ineffective assistance of counsel, some of which this court will not specifically address having found that Mr. Irving has failed to show prejudice. The court will, nevertheless, address each of the conclusions of the trial court which Mr. Irving alleges to be error.

■ Mr. Irving first argues that the hearing court erred in concluding that he failed to carry his burden of proof on the issue of whether trial counsel had spent adequate time conferring with Mr. Irving's previous counsel about the case in preparation for trial. Although Mr. Irving has cited a number of facts which he alleges trial counsel could have learned from Mr. Holliday or Mr. Minton, he has not shown that Mr. Holliday or Mr. Minton had knowledge of those facts, nor has he shown how the facts, had they been disclosed to trial counsel before trial, would likely have changed the result of the trial.

■ Mr. Irving next alleges that the hearing court erred in concluding that trial counsel decided, as a matter of trial strategy, not to call as witnesses Mr. Irving, Juanita Irving (Mr. Irving's mother), Charlene Kennedy (Mr. Irving's fiancée), and Elvin Boone (a fellow inmate of Mr. Irving's at Leavenworth).

Nowhere in the record is there any indication that Mr. Irving desired to testify in his own behalf at trial. Furthermore, failure to call Mr. Irving was not raised in the Rule 27.26 motion. Contentions not raised in the post-conviction motion are not re-

viewable by the court of appeals. *Barber v. State*, 639 S.W.2d 180 (Mo.App.1982).

There was evidence to support the hearing court's conclusion that the decision not to call Charlene Kennedy was a matter of trial strategy. The attorney stated, "I didn't call her because I didn't think it added anything to the case."

Regarding Mrs. Juanita Irving, defendant's mother, the evidence adduced at the hearing was insufficient to establish what Mrs. Irving's testimony would have been; she was not present to testify at the 27.26 hearing. Mr. Irving's trial counsel agreed that Juanita Irving could have testified regarding the personal nature of telephone calls made by Mr. Irving from prison to her home. There was no showing, however, that such testimony would likely have changed the result of the trial.

Elvin Boone testified at the hearing that he had overheard Mr. Irving talking on the prison telephone on many occasions, and that the calls were always personal. Mr. Boone also testified that he did not overhear all of Mr. Irving's phone calls. The evidence had minimal probative value and could not have changed the result of the trial. Thus, even if counsel's failure to call Juanita Irving and Elvin Boone were not matters of trial strategy, the failure to call them as witnesses was not prejudicial.

■ Mr. Irving next argues that the hearing court erred in concluding that there was no evidence as to what Catherine Baughman, a polygraph expert allegedly hired by Mr. Irving and later by his mother, would have testified. Mr. Irving stated at the hearing that Ms. Baughman was hired to assure that the masseuses were not violating prostitution laws, and that she questioned the masseuses regarding whether intercourse and oral sex were taking place. The trial court correctly concluded that there was no evidence of what her testimony would have been. She did not testify at the hearing, there was no indication that she would have been available to testify at trial, and there was no affidavit, deposition, or other summary of testimony she would have given. The hearing court was entitled to disregard Mr.

Irving's self-serving testimony on this point. The credibility of witnesses is for the motion court's determination, and it may reject testimony even though no contrary evidence is offered. *Richardson*, 719 S.W.2d at 915.

Mr. Irving next argues that the hearing court erred in its conclusion that, considering the time constraints and the nature of the case, Mr. Irving failed to establish that his attorney failed to exercise the customary skill and diligence a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby.

The U.S. Supreme Court in *Strickland*, stated:

> Judicial scrutiny of counsel's performance must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

466 U.S. at 689, 104 S.Ct. at 2065. Under the *Strickland* standard, the hearing court's conclusion is not clearly erroneous. The hearing court's conclusion was responsive to a number of allegations by Mr. Irving regarding his trial counsel's failure to learn of and to present certain exculpatory evidence, and failure to make an adequate, appropriate and competent opening statement and closing argument. Mr. Irving established at the hearing that his trial counsel failed to learn of evidence that the volume and frequency of Mr. Irving's phone calls from prison continued unabated after the V.I.P. was shut down. Mr. Irving states that such evidence "could very well have had an effect on the outcome," because it would effectively have addressed a "critical link" in the state's evidence. These conclusory statements are insufficient to demonstrate prejudice. Whether evidence of the volume of phone calls was, in fact, critical to the state's case cannot be determined on the record presented because neither the telephone records nor the trial transcript were before the hearing court or this court.

Mr. Irving contends that his trial counsel's failure adequately to review the evidence resulted in his making an error in closing argument that undermined the credibility of the entire defense. Trial counsel, during closing argument, disputed the existence of handwritten notations referring to "Ted's share" on certain customer records introduced by the state. Members of the jury rose to their feet and pointed out the incriminating notations. Mr. Irving contends that, had his counsel reviewed the evidence more carefully, he would have been able effectively to counter it and could have avoided making an unfavorable impression on the jury. Mr. Irving fails to explain, however, how the evidence could have been countered. Neither does he show that, absent the error, the jury would likely have decided the case differently.

Mr. Irving also contends that trial counsel's attempts at humor during closing argument indicated a lack of seriousness and a flippant attitude toward the charges. While the attempts at humor may have been in questionable taste, the closing argument as a whole was not ineffective or prejudicial. Mr. Irving failed to prove that a reasonably competent attorney, given the situation inherited by counsel, would have handled matters differently, or that any of the alleged failings of counsel were material to the result of the trial.

Finally, Mr. Irving challenges the hearing court's conclusion that the evidence failed to establish that trial counsel was ineffective or that defendant was prejudiced by the fact that counsel represented both Mr. Irving and Charlene Kennedy.

There is a presumption of prejudice "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067, *quoting Cuyler v. Sullivan*, 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 1719, 1718, 64 L.Ed.2d 333 (1980). Trial counsel testified that he did not call Char-

lene Kennedy as a witness because Charlene was charged with the same offense, her case was coming up, and counsel had not yet worked on her case. Additionally, counsel did not believe that her testimony would add anything to the case. Mr. Irving did not demonstrate an actual conflict between the interests of Mr. Irving and Charlene Kennedy. Mr. Irving has not presented argument or authority to demonstrate that the hearing court was incorrect on this point. At the time counsel made the decision not to call Ms. Kennedy, he believed that her testimony would not have been useful. There was no evidence that, had Mr. Irving's counsel not been representing Ms. Kennedy, he would have called her. Furthermore, Mr. Irving has not met his burden of showing that Ms. Kennedy's testimony would have provided a viable defense to the crime charged or that it otherwise would likely have changed the result of the trial.

The judgment is affirmed.

All concur.