Robert KELLY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16690.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 1990.

Michael L. Lyons, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Robert Kelly appeals from the trial court's order denying without evidentiary hearing his Rule 27.26[1] motion to set aside a judgment and sentence for sodomy and kidnapping. The conviction, based on a jury verdict, was affirmed by this court, *State v. Kelly*, 728 S.W.2d 642 (Mo.App. 1987), but the case was remanded for resentencing. After remand, movant was adjudged guilty of sodomy and a persistent sexual offender and sentenced to 50 years' imprisonment without parole, said sentence to be served consecutively to a 30 year term for kidnapping imposed in the same case. On a second appeal by movant, that judgment was affirmed, *State v. Kelly*, 753 S.W.2d 71 (Mo.App.1988). In August 1987, movant filed pro se his instant Rule 27.26 motion, which was later amended by post-conviction counsel.

Movant's first point is that he was entitled to an evidentiary hearing on his motion and the trial court erred in ruling otherwise because movant's "[amended motion], which alleged that trial counsel was ineffective by not raising movant's alibi defense and not calling movant to testify in his own behalf raised factual issues which required an evidentiary hearing. Furthermore, the reasonableness of his trial strategy which failed to raise an alibi defense or failed to call movant to testify in his own behalf may not be presumed."

The amended motion alleged, as grounds for relief, that movant was deprived of effective assistance of counsel at the jury trial "in that counsel refused to put on movant's defense of alibi for the date of September 3, 1985, as alleged in the Information and as alleged in the testimony of the complaining witness, and refused to put movant on in his own defense, so that the ineffectiveness of his trial counsel deprived movant of a viable defense and deprived movant of his right to testify in his own behalf."

The motion alleged that the facts supporting those grounds are:

"[A]t trial, movant's counsel indicated that he was not calling defense witnesses to testify for movant and that movant disagreed with this decision. Movant in fact had informed his counsel that he, movant, wished to testify in his own defense and that he wanted movant's counsel to put on witnesses which would have established an alibi for movant on September 3, 1985, on the date the complaining witness claimed the alleged offense occurred and the date alleged in the Information. Under these circumstances, movant was deprived of his right to present what movant perceived to be his defense to the charges made by the complaining witness. Additionally, movant was denied his right to testify in his own behave (sic) and, without his testimony, movant believes the jury was deprived of any basis for giving proper consideration to the issue of consent."

▪ Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

records in the case; (3) the matters complained of must have resulted in prejudice to movant. *Ahart v. State,* 732 S.W.2d 256, 257[1] (Mo.App.1987).

·"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced.... A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so."

*Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). (Emphasis in original.)

■ With regard to movant's ground that "counsel refused to put on movant's defense of alibi," the motion states no facts which, if testified to by witnesses and believed by the jury, would support an alibi defense. Moreover, neither the name nor the address of any alleged alibi witness is stated in the motion.

■ With regard to movant's ground that counsel "refused to put movant on in his own defense," the motion fails to state what movant's testimony would have been if he had been called to testify. The motion recites a conclusion that "the jury was deprived of any basis for giving proper consideration to the issue of consent." The motion fails to state facts showing what that "basis" would have been.

Movant was not entitled to an evidentiary hearing on either of the two grounds because the motion failed to allege facts, as distinguished from conclusions, warranting relief. It is of academic interest to note that movant defectively charges counsel with inefficiency in failing to present the inconsistent defenses of alibi and consent. Movant's first point has no merit.

■ Movant's second point is that he was entitled to an evidentiary hearing on his motion and the trial court erred in ruling otherwise because the pro se motion alleged sufficient facts not refuted by the record which, if proven, would have entitled movant to relief, in that the pro se motion alleged "that trial counsel was ineffective in failing to adequately cross-examine the prosecutrix."

In support of his second point, movant relies upon paragraph 3(a)(x1) of his motion which, so he claims, contains the "facts in support" of the ground.

Paragraph 3(a)(x1) reads: "Prosecutrix's credibility was the key issue of the case at hand, movant's attorney failed to bring forth her inconsistent statements and refute them by her present testimony."

Neither paragraph 3(a)(x1) nor any other paragraph in the motion states the contents of any statement made by the prosecutrix. That being so, of course, the motion failed to state any facts showing any inconsistency between any statement of the prosecutrix "and her present testimony." The motion speaks in terms of the present testimony of the prosecutrix refuting her inconsistent statements, but even if it intended to state that the statements refuted her testimony, no facts are presented to support that conclusion. Movant's second point has no merit for the reason that the motion failed to allege facts, as distinguished from conclusions, warranting relief.

The judgment is affirmed.

HOGAN and SHRUM, JJ., concur.