STATE of Missouri, Plaintiff–
Respondent,

v.

Donnell STARKS, Defendant–Appellant.

Donnell STARKS, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 74650.

Supreme Court of Missouri,
En Banc.

July 21, 1992.

John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

Donnell Starks appeals from a conviction of robbery in the first degree in violation of § 569.020, RSMo 1986. The trial court found appellant to be a prior and persistent offender and sentenced him to life imprisonment. Appellant filed a *Rule 29.15* motion for postconviction relief, which was overruled without an evidentiary hearing. Appellant appeals both the judgment of the trial court and the judgment of the motion court. On his direct appeal appellant contends that the trial court erred in denying his motion under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and finding that appellant had not established a prima facie case of discrimination in jury selection without requiring the prosecutor to provide race-neutral explanations for the state's peremptory strikes. On appeal from the judgment of the motion court, appellant argues that the motion court erred in not conducting a hearing on his claim of ineffective assistance arising from counsel's failure to call him as a witness. The Missouri Court of Appeals, Eastern District, affirmed the

judgment of the motion court and transferred the case to this Court for reexamination of *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987). Remanded.

Appellant contends that the trial court erred in overruling his *Batson* motion and finding that appellant had not made a prima facie case of discrimination in jury selection without requiring the prosecutor to give race-neutral explanations for the state's peremptory strikes of five African-American venirepersons.

The prosecutor used four of the state's six peremptory strikes to remove African-American venirepersons from the jury panel and one peremptory strike to remove an African-American venireperson from the alternate jury panel. The prosecutor used three of the five strikes to strike venirepersons that the prosecutor had unsuccessfully attempted to remove for cause. The resulting jury consisted of seven African-Americans and five whites. Appellant and the victim were both African-American.

■ Defense counsel raised a *Batson* objection to the state's strikes of African-American venirepersons, basing the claim on the state's disproportionate use of strikes against African-Americans and the state's failure to strike similarly situated white venirepersons. Defense counsel did not identify which white venirepersons were similarly situated to African-American venirepersons who had been struck, but she did request that the state give racially-neutral explanations for all of its peremptory strikes against African-American jury panel members. The trial court denied the request on the ground that defense counsel had not made a prima facie case that the strikes were racially motivated because seven African-American persons remained on the jury. Defense counsel then objected to the jury's being sworn.[1]

Appellant contends that the court erred in finding that the presence of African-Americans on his jury relieved the state of its obligation, under *State v. Antwine,* to give race-neutral reasons for using five of seven peremptory strikes against African-American venirepersons. Appellant asserts that the case must be remanded for an evidentiary hearing to determine whether the prosecutor used his strikes in a discriminatory manner in violation of appellant's right to equal protection.

■ The issue raised by appellant was considered and decided by this Court in *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992). In *Parker,* under similar factual circumstances, this Court held that, once a defendant makes a timely *Batson* objection with regard to a specific venireperson struck by the state and identifies the cognizable racial group to which the venireperson belongs, the trial court must require the state to offer race-neutral explanations for the challenged strikes. The court must then decide from the totality of facts and circumstances of the case whether the defendant has established purposeful discrimination. *Parker,* at 940. Since the trial court in the present case overruled appellant's *Batson* objection without first considering the state's explanations for the strikes, the cause must be remanded for an evidentiary hearing as provided in *Parker.*

The state contends that no race-neutral explanations were required because this case falls within the exceptions outlined in *State v. Hunter,* 802 S.W.2d 201 (Mo.App. 1991), and *State v. Burgess,* 800 S.W.2d 743 (Mo. banc 1990). As explained in *Parker,* race-neutral explanations must always be given whenever a defendant properly raises a *Batson* objection. *Parker,* at 940.

The state proposes in the alternative that it constructively provided race-neutral ex-

---

**1.** The state urges that appellant's *Batson* issue was not properly preserved because the defendant moved for a mistrial instead of to quash the jury. *See State v. Hudson,* 815 S.W.2d 430, 432 (Mo.App.1991). Where the defense attorney clearly intends to assert a *Batson* challenge and the court fully understands that the objection is to the jury's being sworn, the form of the mo-

tion is not fatal to appellate review. There could have been no misconception in this case by the trial court of the basis for appellant's objection. After *Parker,* however, the proper objection is to the striking of a particular venireperson or venirepersons. *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992).

planations for three of its five peremptory challenges when it unsuccessfully challenged the three for cause. The state further contends that legitimate race-neutral reasons can be gleaned from the record for the other two venirepersons. Under the holding of *State v. Parker*, neither of the state's suggestions can be countenanced. The state must provide race-neutral reasons for its peremptory strikes after the defendant raises his *Batson* claim.

Appellant's equal protection claim must be remanded to the trial court for further proceedings in accordance with *State v. Parker*. The trial court shall certify to this Court a record of its proceeding.

Remanded for a hearing not inconsistent with this opinion.

ROBERTSON, C.J., HOLSTEIN, BENTON, THOMAS and PRICE, JJ., and PREWITT, Special Judge, concur.