**STATE of Missouri, Plaintiff–
Respondent,**

v.

**James AYERS, Defendant–Appellant.**

**No. 17486.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 2, 1992.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following jury trial defendant was convicted of assault in the first degree and armed criminal action. On appeal his contentions include that the trial court erred in not requiring the prosecuting attorney to present a racially neutral explanation for

the peremptory strikes of three black venirepersons.

Plaintiff responds that defendant's claim was not timely raised because it was voiced after his peremptory challenges. The contention was raised before the venirepersons were excused and the jury sworn. Plaintiff also asserts that the circumstances surrounding the exercise of the state's challenges "undercut any inference of discrimination".

The case was tried before *Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), was decided. It held that a white defendant has standing to challenge a venireperson's exclusion from the jury on the basis of race, extending the holding of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant's objection to the three strikes of black venirepersons was denied in the trial court because defendant was "white", the trial judge concluding this was "not really a *Batson* case since we don't have a black defendant."

The contention that the objection was not timely raised is disposed of by *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992). See also *State v. Starks,* 834 S.W.2d 197 (Mo. banc 1992). *Parker* determined that a *Batson* challenge is timely if raised before the venire is excused and the jury sworn. *Parker* set forth the procedure to be followed by the trial court when a timely *Batson* objection is made.

Even if there were circumstances here giving a possible racially neutral explanation this does not mean that the challenges were not made because of race. The *Parker* opinion noted that the removal of one person for racial reasons is a violation of the equal protection clause regardless of how the jury was eventually composed, and the state's failure to use all of its challenges against minorities does not insulate from scrutiny strikes directed against the minority venirepersons.

In accordance with *Parker,* this case must be remanded to the trial court for a hearing consistent with the holding of *Parker* to determine whether the prosecutor used the strikes in a discriminatory manner. The trial court shall then certify to this court the record of its proceedings and determination.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.