**STATE of Missouri, Respondent,**

v.

**Donnell STARKS, Appellant.**

**Donnell STARKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74650.

Supreme Court of Missouri, En Banc.

June 29, 1993.

John A. Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

This case is before this Court after remand to the trial court for reconsideration of appellant's *Batson* motion in light of the decision in *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992). *State v. Starks*, 834 S.W.2d 197, 199 (Mo. banc 1992). Specifically, this Court remanded for an evidentiary hearing consistent with the procedures set forth in *Parker* to determine the validity of Starks' claim, under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that the prosecutor improperly used race in a discriminatory manner to strike African–Americans from appellant's venire panel. Affirmed.

On October 8, 1992, the trial court conducted an evidentiary hearing in accordance with this Court's remand. After the hearing, the trial court overruled appellant's *Batson* motion.

The parties filed supplemental briefs addressing the trial court's rejection of appellant's *Batson* claim. Appellant specifically asserts that the trial court erred because the prosecutor struck two African–American venirepersons but did not strike a similarly situated white venireperson and because the state's reasons for striking two other African–American venirepersons were pretextual. The prosecutor stated race-neutral reasons for the striking of each African–American venireperson. The trial court found that the reasons given were not pretextual. An extended recitation of the reasons for each strike would serve no precedential purpose. *See Hernandez v. New York*, — U.S. —, —— ——, 111 S.Ct. 1859, 1868–69, 114 L.Ed.2d 395 (1991). After reviewing the record,

this Court finds that the trial court did not clearly err in determining that the prosecutor's strikes were nondiscriminatory.

Appellant originally raised an additional point relied on, review of which was reserved. Appellant asserts that the motion court erred in denying an evidentiary hearing on his *Rule 29.15* claim that he was denied effective assistance of counsel at trial because his attorney did not call him as a witness, even though he requested that she do so.

■ Review of the motion court's findings and conclusions on the *Rule 29.15* motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Rule 29.15(j); Sidebottom v. State*, 781 S.W.2d 791, 794–95 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

■ The first issue is whether the motion court was clearly erroneous in denying appellant an evidentiary hearing. If the court determines that the motion, files, and records of the case conclusively show that the movant is not entitled to relief, a hearing will not be held. *Rule 29.15(g)*. To obtain an evidentiary hearing a movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Kelly v. State*, 796 S.W.2d 657, 658–59 (Mo.App.1990); *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App. 1989). To meet the obligation to allege facts, not conclusions, warranting relief, appellant is required to allege facts regarding his testimony which, if true, would warrant relief. *See Kelly*, 796 S.W.2d at 658–59.

■ Appellant's motion does not suggest the content of his proposed testimony. Appellant merely alleges that he had informed his attorney of his desire to testify, and that she had refused to call him to the stand. He claimed, without explanation, that he would rely on his testimony, the testimony of his counsel, and the official court transcript and file of his case to substantiate his allegation. The motion court was not clearly erroneous in determining that appellant was not entitled to an evidentiary hearing.

■ The second issue is whether the motion court clearly erred in determining that movant's counsel was not ineffective. To prevail on a claim of ineffective assistance of counsel, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* Movant must also overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *Sidebottom*, 781 S.W.2d at 795. In order to show prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2068. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.; see also Irving v. State*, 755 S.W.2d 378, 380 (Mo.App. 1988).

■ Appellant did no more than assert that he was prejudiced by his attorney's failure to call him as a witness. He offered no attempt to provide the proposed content of his testimony or to show that there was a reasonable probability that his testimony would have caused the jury to acquit him. Appellant's mere allegation of prejudice is insufficient to support his claim of ineffective assistance of counsel. *See Sidebottom*, 781 S.W.2d at 796. The motion court did not clearly err in denying appellant relief.

Appellant cursorily suggests that, even if counsel was not ineffective in failing to call him as a witness, appellant had an absolute right to testify under the Fifth and Fourteenth Amendments to the United States Constitution. Appellant ignores the fact that his is a post-trial proceeding. A defendant has no constitutional entitlement to a post-trial evidentiary hearing to determine whether his right to testify was infringed upon by his counsel when appellant merely asserts that counsel prevented him from testifying. *Underwood v. Clark*, 939 F.2d 473, 475–76 (7th Cir.1991); *Siciliano v. Vose*, 834 F.2d 29, 30–31 (1st Cir.1987). At a minimum, an appellant must provide specific facts to support his assertion. *Underwood*, 939 F.2d at 476; *Siciliano*, 834 F.2d at 31. In the case at bar, appellant's mere assertion that he told his attorney he wanted to testify and she failed to call him as a witness is clearly insufficient. *See Underwood*, 939 F.2d at 475–76; *Siciliano*, 834 F.2d at 30–31.

The judgments of the trial court and of the motion court are affirmed.

ROBERTSON, C.J., and HOLSTEIN, BENTON, THOMAS and PRICE, JJ., concur.

LIMBAUGH, J., not participating.