# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERIC AMOS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28435    Bernie Weinman, Judge**

---

**No. W2004-01579-CCA-R3-HC  - Filed May 25, 2005**

---

The Petitioner, Eric Amos, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Eric Amos, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In May 1998, the Petitioner was convicted by a Shelby County jury of one count of carjacking and one count of theft of property between $10,000.00 and $ 60,000.00. *See State v. Eric Amos*, No. 02C01-9809-CR-00279, 1999 WL 1531344 at *1 (Tenn. Crim. App., at Jackson, Dec. 27, 1999).

1

For these convictions, the Petitioner was sentenced, as a range II offender, to concurrent terms of twenty years for carjacking and ten years for theft. *Id.* On direct appeal, this Court found that the Petitioner's conviction for theft of property violated constitutional protections against double jeopardy. *Id.* Accordingly, the conviction and sentence for theft of property was vacated and dismissed. *Id.* The Petitioner's carjacking conviction and accompanying twenty-year sentence were affirmed. *Id.*

On July 27, 1998, Petitioner entered guilty pleas to one count of aggravated assault, three counts of robbery, and six counts of aggravated robbery. For these offenses, Petitioner was sentenced, as a career offender, to an effective thirty-years in the Department of Correction. This sentence was ordered to be served consecutively to the Petitioner's May 1998 twenty-year sentence, for a total effective sentence of fifty years. Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

In May 2004, the Petitioner filed a petition for writ of habeas corpus relief in the Shelby County Criminal Court. Petitioner explained that the petition was being filed in Shelby County "based on the fact that this court has all records of the proceedings giving rise to the conviction in this case. . . ." *See* Tenn. Code Ann. § 29-21-105. As grounds for relief, Petitioner alleged, first, that his judgments were void for certainty as the sentencing court failed to make findings of guilt or innocence, and second, the Petitioner failed to qualify as a career offender under the applicable statute. On May 19, 2004, the trial court denied habeas corpus relief. In denying relief, the trial court entered the following findings of facts and conclusions of law:

> . . . the sentencing court found the Defendant guilty of the eleven crimes to which he pled guilty, and an examination of the judgments Defendant alleges are void for certainty will reveal that the defendant pled guilty to eleven separate felonies, the crime and class of felony to which the Defendant pled, and the sentence to accompany each charge. These judgment sheets reflect the date these pleas were entered, and are signed by the prosecutor, the defendant, defense counsel, and the judge.

Petitioner timely filed a notice of appeal document on June 16, 2004.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.2d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).

Petitioner contends that his sentence is illegal. Specifically, he complains that he does not possess the requisite amount of felony convictions to justify a sentence as a career offender. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97

S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 709 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, the trial court found that at the time he entered his guilty pleas, the Petitioner had been convicted of six prior felonies, five class C and one class B, which qualified him as a career offender.

Next, Petitioner complains that his judgments are void because the trial court failed to make findings as to guilt or innocence. The judgment forms reflect that the Petitioner entered guilty pleas. The judgments were signed by the judge and were entered by the court. The forms not only comply with Rule 32(e), Tennessee Rules of Criminal Procedure, but also section 40-30-209, Tennessee Code Annotated. The fact that the judgments do not reflect that the Petitioner was "guilty" is not fatal to the judgments. The fact that "pled guilty" was marked by the trial court necessarily implies that the Petitioner was found guilty. *See James Bell v. State*, No. W2003-02463-CCA-R3-CD, 2004 WL 2039801, * 2 (Tenn. Crim. App., at Jackson, Sept. 9, 2004). Thus, this omission is insufficient to render the judgment of convictions void. *Id.*

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE