**STATE of Missouri, Respondent,**

v.

**Gary FRITZ, Appellant.**

**Nos. WD 47933, WD 50974.**

Missouri Court of Appeals, Western District.

Jan. 23, 1996.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The defendant, Mr. Fritz, was convicted, by a jury, of first degree robbery, § 569.020, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994, and sentenced to concurrent terms of fifteen and five years imprisonment. He appeals from his conviction and the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

Because the sufficiency of the evidence is not challenged, the evidence, favorable to the verdict, is briefly summarized. At approximately 1:00 a.m. on February 22, 1992, Mr. Kenneth Borders, a mentally retarded man, was walking on Independence Avenue in Kansas City. He was approached by the defendant who was wearing a wig. The defendant asked Borders if he was interested in having "a date." Borders declined his offer and continued walking to a nearby Shop 'n Go to purchase some items. Later in the evening, Borders was walking to his girlfriend's house, when the defendant again approached him. The defendant repeated his request and Borders again declined his offer. The defendant followed Borders, placed a knife to his back, and forced him to walk to a nearby home. The defendant then demanded money. Borders gave the defendant some money and then hit him, knocking him off balance. Borders ran away and flagged down a police officer, who arrested the defendant shortly thereafter.

In his first point, the defendant asserts that his trial attorney was ineffective because he failed to allow him to testify, failed to object to the state's closing argument, and failed to request the removal of two jurors who had allegedly slept during the trial.

Our review of a motion court's denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc.1992), *cert. denied*, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). The motion court's findings are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

To be entitled to an evidentiary hearing, the defendant must plead facts, not conclusions, which, if true, would warrant relief; the allegations must be unrefuted by the record; and the matters complained of must have prejudiced the movant. *State v. Pendas*, 855 S.W.2d 512, 516 (Mo.App.1993). If the court determines that the motion, files, and record of the case conclusively show that the defendant is not entitled to relief, a hearing will not be held. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993).

To prevail on his claim of ineffective assistance of counsel, the defendant must show that (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances and (2) that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove prejudice the defendant must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). The defendant bears the burden of overcoming the presumption that counsel was competent and must establish both prongs of the *Strickland* standard by a preponderance of the evidence. *Amrine v. State*, 785 S.W.2d 531, 534 (Mo. banc), *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990).

The defendant first claims that counsel was ineffective because he failed to allow the defendant to testify. The defendant asserts that he would have testified that Mr. Borders

offered him ten dollars for a sexual favor, and that during this act Borders discovered that the defendant was a man. The defendant also would have testified that he did not rob Borders or use a knife during his encounter with him.

■ The motion court rejected the defendant's claim, finding that he was present and heard his counsel announce to the court that the defendant did not wish to testify.[1]

During trial, the following discussion took place concerning the defendant's decision whether or not to testify:

> PROSECUTOR: Your Honor, ... I would request that the defendant briefly testify as to whether or not he wished to testify so we can have that on the record.
>
> THE COURT: That's up to [defense counsel] and the defendant.
>
> DEFENSE COUNSEL: I see no reason to have him take the stand for that, your Honor.
>
> PROSECUTOR: Your Honor, the State would be in the position later of defending any motion for ineffective assistance of counsel, and I think for everybody's sake it would be beneficial to have a record of defendant's wishes at this time.
>
> THE COURT: Well, the defendant is here present and heard his attorney state that. Is it true, [defense counsel], that the defendant does not desire to take the witness stand?
>
> DEFENSE COUNSEL: That is correct, your Honor. He does not desire to testify in this case.
>
> THE COURT: All right. The defendant is present and heard that statement. That's as far as we need to go as far as I'm concerned. It's his business. If your client wants to testify, he may do so.

■ The defendant now contends that he was unable to hear this discussion. However, this allegation is refuted by the record.

The trial judge twice stated that the defendant was present and heard his counsel announce to the court that he did not wish to testify. The motion court correctly concluded that the defendant was not entitled to an evidentiary hearing because he was present and heard his counsel announce to the court that he did not wish to testify, and did not announce his desire to testify. The record is clear that the defendant made a knowing and voluntary waiver of his right to testify.

Defendant next claims that trial counsel was ineffective for failing to object to the state's closing argument concerning defense counsel's cross-examination of Borders. The following exchange took place during the state's closing argument:

> PROSECUTOR: Ladies and gentlemen, at first we saw [defense counsel's] angry cross-examination standing back there—
>
> DEFENSE COUNSEL: At this time, your Honor, I'm going to enter an objection.
>
> (Counsel approached the Bench and the following took place out of hearing of the jury).
>
> DEFENSE COUNSEL: We have a characterization of me being angry during cross-examination, your Honor. The same lambasting she was doing before. I object to the personalization of this argument and the fact that she is attacking me personally rather than what the evidence is in this case.
>
> THE COURT: Don't personalize. Proceed.
>
> (The proceedings returned to open court).
>
> PROSECUTOR: Mr. Borders was asked questions in cross-examination in an angry manner with the questions being slammed shut, opened, slammed shut. Now, [defense counsel] has the gall to stand up here and make fun of Kenny Borders, make fun of a retarded man. It's Miller time, ha ha.

1. The motion court also noted that if the defendant had testified he would have been exposed to cross-examination on several prior convictions, including three for robbery, so that counsel's advice not to testify could be considered sound trial strategy. It would have been improper for the motion court to reject the defendant's claim on this basis, however, because when the issue is the defendant's knowing and voluntary waiver of the right to testify, the court's opinion that the defendant would not have been believed had he testified is irrelevant. *State v. Young,* 882 S.W.2d 291, 293 (Mo.App.1994).

Let's all have a laugh at the expense of Kenny Borders.

What happened to Kenny Borders is not funny, ladies and gentlemen, and it boils down to three simple things that no argument the Defense has made can possibly explain.

The defendant contends that this argument was an impermissible and unwarranted attack on defense counsel, and counsel was ineffective for failing to object to it. The motion court rejected the defendant's claim finding that his allegation was refuted by the record because counsel did, in fact, object to the argument. The motion court also found that the argument in question was directed not at defense counsel's character or integrity, but at the techniques and tactics that he used.

 Personal attacks on defense counsel by a prosecutor are improper and objectionable. *State v. McGee,* 848 S.W.2d 512, 514 (Mo.App.1993). However, not all such attacks warrant reversal. *Id.* An argument directed at the tactics or techniques of trial counsel rather than counsel's integrity or character is a permissible argument. *State v. Ward,* 807 S.W.2d 225, 226 (Mo.App. 1991). With respect to these remarks, we find that the motion court's findings were not clearly erroneous because the argument was directed at defense counsel's cross-examination techniques. With respect to the allegation that defense counsel was making fun of a retarded man, we find that, although the remark was uninvited and inappropriate, the failure to object to it was not sufficient to warrant a finding of ineffective assistance of counsel.

 Defendant also alleges ineffective assistance of counsel for counsel's failure to object and make a record concerning two jurors who allegedly slept during the cross-examination of Borders. The motion court determined that the defendant failed to plead facts that would entitle him to relief on this claim. In support of the motion court's determination, the state argues that the defendant failed to allege that he was denied a fair trial, pleading only that counsel was ineffec-

tive for failing to preserve this issue for review.

In his *pro se* motion, the defendant pleaded that his trial counsel was ineffective in not properly objecting to the two sleeping jurors during his cross-examination of the state's sole eyewitness. The defendant pleaded that he and co-counsel for the defense notified defense counsel that these jurors were sleeping, to which defense counsel responded that he would handle it and not to worry. However, counsel made no objection.

Defendant's *pro se* motion also contains allegations of prejudice. His motion states:

> [T]he two (2) sleeping jurors were unable to perform duties as jurors by sleeping in the jury box while evidence and testimony was being presented. Jurors determine facts from all the evidence, but they can't if they haven't heard it and are sleeping, especially during the cross examination of the states sole eyewitness.

This allegation is supplemented by defendant's amended motion, which states:

> Movant was prejudiced by trial counsel's actions and inactions. The fact that jurors slept through a significant portion of the testimony of the alleged victim, and the only eye-witness deprived Movant of a fair trial. Movant was subjected to the verdict of a jury which had not heard all of the evidence in the case.

Upon reviewing these allegations, the motion court concluded that the defendant had failed to list any facts in support of his allegation of juror misconduct or any prejudice that may have resulted from his attorney's failure to report the incident.

However, the defendant pleaded facts to support his allegation that two jurors were sleeping during the presentation of evidence. He stated that he would rely on the testimony of defense counsel, co-counsel, and the court bailiff.

The defendant further pleaded that his counsel's failure to object was prejudicial because if his attorney had objected, he would not have been subjected to the verdict of a jury that had not heard all of the evidence, creating a reasonable probability that the outcome of the proceeding would have been

different. The defendant also alleged that defense counsel's actions and inactions deprived him of a fair trial.

The motion court should have granted the defendant an evidentiary hearing on this point. The defendant pleaded facts which, if true, would warrant relief. These pleading allegations were unrefuted by the record.

In his second point, the defendant argues that the trial court erred in denying his challenge to the prosecutor's use of peremptory strikes against three venirepersons pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny.[2] Following the voir dire examination and the challenges for cause by both parties, defense counsel objected to the state's use of peremptory strikes to remove three of the remaining seven African–Americans on the jury panel.

■ In response, the prosecuting attorney explained that one of the venirepersons was struck because he was the only potential juror to state that he would suffer serious economic hardship as a result of jury service. The second was struck because, even though she said she could be fair, the prosecutor was concerned that her religious beliefs might prevent her from judging other people. The third venireperson was struck because he was the only potential juror who had a family member prosecuted by the Jackson County prosecutor's office. The trial court then overruled defense counsel's *Batson* objection.

■ In Missouri, once the defendant raises a *Batson* challenge with regard to one or more specific venirepersons struck by the state and identifies the cognizable racial group to which the venireperson or persons belong, the state must offer reasonably specific and clear race-neutral explanations for the strikes. *State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc) *cert. denied,* 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral. *Hernandez v.*

*New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991); *Parker,* 836 S.W.2d at 934. Here, the prosecutor articulated race-neutral reasons for striking the three venirepersons.

■ Once the state has come forward with race-neutral explanations, the defendant must demonstrate that the state's explanations for the strikes were merely pretextual and that the strikes were racially motivated. *Parker,* 836 S.W.2d at 939; *State v. Antwine,* 743 S.W.2d 51, 64 (Mo. banc 1987). Here, however, the defendant never even alleged at trial that the explanations were pretextual and racially motivated. If a defendant fails to challenge the state's explanation in the trial court, the defendant may not challenge the state's explanation on appeal. *State v. Plummer,* 860 S.W.2d 340, 345–46 (Mo.App. 1993).

In this case, the state gave race-neutral explanations for its strikes, to which the defendant failed to respond. Having made no showing to the trial court that the state's explanations were pretextual, the defendant has failed to sustain his burden of proof and presents nothing for our review. *Id.* at 346. Point denied.

The defendant's conviction and the denial of his Rule 29.15 motion without an evidentiary hearing are affirmed, except the point of the Rule 29.15 motion concerning juror misconduct, which is reversed and remanded for an evidentiary hearing in a manner consistent with this opinion.

All concur.

---

**2.** In *Batson,* the United States Supreme Court held that a defendant in a state criminal trial could establish a prima facie case of racial discrimination violative of the Fourteenth Amendment based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire. *Griffith v. Kentucky,* 479 U.S. 314, 316, 107 S.Ct. 708, 709, 93 L.Ed.2d 649 (1987).