Tony VANN, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 23203.

Missouri Court of Appeals,
Southern District,
Division Two.

July 16, 2000.

Motion for Rehearing or Transfer
Denied Aug. 16, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Tony Vann ("Movant") was charged with one count of robbery in the first degree, Section 569.020, one count of armed criminal action, Section 571.015, and one count of unlawful use of a weapon, Section 571.030.1(1).[1] Following a jury trial, he was found guilty, and his convictions were affirmed on appeal in March 1997. Movant, thereafter, pursuant to Rule 29.15 filed a motion for post-conviction relief, which was later amended. The motion court denied relief without an evidentiary hearing. Movant appeals.

On appeal, Movant contends the motion court erred in denying relief without an evidentiary hearing in that Movant pled factual allegations which, if proven, would warrant relief and that are not refuted by the record. Movant alleges that he received ineffective assistance of counsel in the underlying criminal case as a result of his trial counsel's failure to investigate and present Movant's brother, Linzie Vann ("Linzie"), as a defense witness at trial, and his failure to strike a juror who was sleeping during the presentation of evidence.

---

1. All statutory references are to RSMo 1994 and all rule references are to Missouri Rules of Criminal Procedure (2000), unless otherwise indicated.

Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State,* 973 S.W.2d 114, 115 (Mo.App. S.D.1998).

An evidentiary hearing is not required unless the movant's motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997); *McClellan v. State,* 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley,* 953 S.W.2d 73, 91 (Mo.App. S.D.1997), *cert. denied* 522 U.S. 1151, 118 S.Ct. 1173, 140 L.Ed.2d 182 (1998). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

In his first point on appeal, Movant alleges that his trial counsel was ineffective for failing to investigate and present defense witness, Linzie. Movant argues that Linzie, who had previously pled guilty to the robbery and was confined in the county jail at the time of Movant's trial, would have testified that Movant was not involved in the robbery and that he and Dwayne Shores committed the crime. Movant contends that Linzie's testimony would have provided him with a viable defense and that the outcome of the trial would have been different had his testimony been presented.

In denying Movant's claim that his trial counsel was ineffective in failing to investigate and call Linzie as a witness, the motion court found, in pertinent part:

> On the 26th day of February 1996, the day of trial, [Linzie] entered a plea of guilty ... to the charge of ROBBERY IN THE FIRST DEGREE arising from the incident occurring on the 1st of January 1995 in which he and [Movant] robbed at gun point two individuals at a rest area on I–55 in Cape Girardeau County. [Linzie] confirmed the State's scenario in the incident in making a factual basis for his plea.

> In the first place, Movant must show his counsel failed to exercise [the] customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances by not conducting reasonable investigation, interviewing and calling as a witness his brother and Co-defendant, [Linzie]. In the second place, Movant must show but for counsel's failure to call [Linzie] the outcome of the proceeding would have been different.... Movant has not met his burden.... Movant has failed to show that the testimony of his brother, [Linzie], would have provided a viable defense and finally, [M]ovant failed to show that the failure to call [Linzie] to testify for the defense was anything other than trial strategy. Movant has failed to show facts that warrant relief and that he has been prejudiced thereby.

The motion court's findings are not clearly erroneous.

■ To establish that trial counsel was ineffective for failing to call a witness at trial, a movant must demonstrate that counsel's failure to call the witness was something other than reasonable trial strategy, that counsel could have located the witness through reasonable investigation, that the witness would have testified if called, and that the witness' testimony would have provided the movant with a viable defense. *State v. McCracken*, 948 S.W.2d 710, 714 (Mo.App. S.D.1997); *State v. Carson*, 898 S.W.2d 555, 558 (Mo.App. W.D.1995).

■ In the instant case, prior to Movant's trial, Linzie pled guilty to a charge of first degree robbery arising from the same incident with which Movant was charged. The record of the guilty plea hearing reflects that following the State's recitation of facts, which implicated both Linzie and Movant in the robbery, Linzie, under oath, admitted committing the crime. Movant contends, however, that the motion court clearly erred in finding that Linzie "confirmed the State's scenario [that he committed the robbery with Movant] in making a factual basis for his plea." Movant argues that it was Linzie's attorney who agreed with the State's recitation of facts and not Linzie himself, and further, that Linzie's attorney was not allowed to correct the State's recitation of facts after indicating that she wanted to do so.

The record indicates that before pleading guilty to the crime, Linzie stated that he understood the plea bargain. He was also given an opportunity to ask any questions or make any statements about what had occurred at the hearing. At no time, however, did he seek to correct the State's recitation of facts. Furthermore, the record reflects that Linzie's trial counsel indicated that the State's statement of facts was "basically correct," but answered "[y]es" when asked if she wished to make any corrections. Counsel, however, did not protest when the court moved on without giving her the opportunity to do so, and made no later attempt to offer any correction. The record therefore refutes Movant's claim that Linzie did not agree with the State's recitation of facts underlying his plea.

■ In regard to Movant's allegation of ineffectiveness for failing to call Linzie as a witness, the record indicates that at trial, Movant's trial counsel stated that he and Movant had "discussed the possibility of calling [Linzie] as a witness" at "great length" and agreed that they would not call him. A trial counsel's decision to not use a witness is a virtually unchallengeable matter of trial strategy. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Moreover, such a decision is especially supportable where the possibility exists that the witness will present perjured testimony. *State v. Hamilton*, 791 S.W.2d 789, 798 (Mo.App. E.D.1990). Here, trial counsel was aware that Linzie had pled guilty to charges arising out of the same crime with which Movant was charged and was presumably aware that Linzie agreed in entering his plea that he had acted together with Movant in committing the crime. As such, it was reasonable for Movant's trial counsel to believe that Linzie's testimony would be perjurious, and trial counsel had an obligation not to present such perjured testimony. *See Pieron v. State*, 793 S.W.2d 618, 621–22 (Mo.App. E.D.1990) (stating that counsel has a duty to not knowingly present perjured testimony).

Because the record refutes Movant's claim that his trial counsel was ineffective in failing to interview and call Linzie as a witness at trial and no prejudice has been shown, Movant has failed to establish that the motion court clearly erred in denying his claim without an evidentiary hearing. Movant's first point is therefore denied.

In Movant's second point, he alleges that the motion court erred in finding that he had failed to plead sufficient facts to establish that his trial counsel was ineffective in

failing to strike a juror who was observed sleeping during the presentation of evidence. Movant argues that he was prejudiced in that the juror "could have missed evidence that showed the weakness of the State's case against him and [Movant's] testimony in his own defense."

In his amended motion, Movant specifically alleged, in pertinent part:

During the trial, juror Roger Tippy periodically fell asleep. Movant notified [trial counsel]. Nothing, however, was done, by [trial counsel] to bring this matter to the attention of the trial court....

Because Juror Tippy was sleeping during the presentation of evidence, he missed either the inconsistencies in the State's case, including the victim's failure to identify Movant as one of the robbers, or Movant's denial of participation in the robbery. Either way, Movant was prejudiced. His trial attorneys were ineffective for not bringing this matter to the attention of the trial court and demanding that Juror Tippy be struck for [sic] the panel. Lead counsel should have brought this matter to the attention of the trial court, or if he was not told of it, assistant counsel should have brought it to his attention during trial.

Although Movant's Rule 29.15 motion contains the foregoing allegations, it does not sufficiently state facts to support a finding of prejudice. Movant bears the burden of pleading sufficient factual allegations of prejudice as a result of trial counsel's failure to bring this matter to the trial court's attention. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. However, Movant did not satisfy this burden in his motion. Movant simply alleges in his amended motion that the juror missed "either" the inconsistencies in the State's case or Movant's denial of any involvement in the crime. These statements are conclusory and not a sufficient pleading of facts. Movant does not identify at what point during the trial the juror

was sleeping, what specific evidence he missed, or what testimony he did not hear, and only indicates that the juror nodded off briefly, two or three times for a period of a minute or two. The mere fact that a juror slept during the trial does not entitle Movant to relief, he must have been prejudiced by that sleeping. *See State v. Fritz*, 913 S.W.2d 941, 945 (Mo.App. W.D.1996).

Movant's allegations are insufficient to entitle him to an evidentiary hearing, and the motion court did not clearly err in denying his Rule 29.15 motion on this ground. *See State v. Williams*, 945 S.W.2d 575, 583 (Mo.App. W.D.1997) (holding that movant did not sufficiently plead prejudice when he merely alleged that two jurors who were observed sleeping during the trial missed "crucial portions of evidence and testimony"). Movant's point is therefore denied.

The judgment of the motion court is affirmed.

MONTGOMERY, J., and BARNEY, J., concur.