

# In the Missouri Court of Appeals

## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| SEDRICK WRICE, | ) | No. ED102655 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Timothy J. Wilson |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | March 29, 2016 |

Sedrick Wrice ("Appellant") appeals from the motion court's judgment denying his motion for post-conviction relief pursuant to Rule 29.15 after an evidentiary hearing. Appellant contends the motion court erred because trial counsel was ineffective in failing to advise him of the risks of receiving a ten-year sentence after going to trial and failing to advise Appellant of the strength of the State's evidence. We affirm.

Appellant was charged with one count second-degree burglary as a prior and persistent offender. On the day of the burglary, two officers drove past the building at 5872 Minerva in response to a 911 call for a burglary in progress. The officers witnessed two African-American males exiting the building. One man wearing dark clothing was pulling the other man, wearing a red-colored jacket, out of the building. The officers circled the building and detained the two men. One of the men, later identified as Appellant, was wearing a red jacket, gloves, and an illuminated headlamp. The other man, later charged as Appellant's co-defendant, was wearing a black jacket and rubber gloves and was holding bolt cutters. Both of the men were dirty and

damp. The back doors of the building were open and the lock mechanism had been cut. The officers' investigation inside the building's basement revealed a large amount of copper piping that appeared to have been pulled from the walls.

Before trial, the State offered Appellant a three-year plea bargain. Appellant was already incarcerated approximately two years at the time of his trial. Appellant rejected the State's plea offer and proceeded to a jury trial. Appellant was convicted of burglary in the second degree and sentenced to ten years' imprisonment as a prior and persistent offender. Appellant appealed, and this Court upheld the conviction. State v. Wrice, 389 S.W.3d 738 (Mo. App. E.D. 2013).

Following his appeal, Appellant filed a pro se Rule 29.15 motion to vacate, set aside, or correct judgment and a request for evidentiary hearing. Counsel was appointed and filed an amended motion. Appellant alleged that trial counsel, an attorney practicing in the public defender's office for twenty years, was ineffective by failing to advise him of the risks of receiving a ten-year sentence after a jury trial. The motion court granted an evidentiary hearing. Both trial counsel and Appellant testified through depositions. The motion court denied Appellant's motion for post-conviction relief and issued findings of fact and conclusions of law. The motion court found Appellant's testimony was unpersuasive and ambiguous as to whether he would have pled guilty at the time of trial. The motion court found trial counsel's testimony plausible and credible. This appeal follows.

Appellate review of the denial of a post-conviction motion is limited to whether the motion court clearly erred in making its findings of fact and conclusions of law. Barton v. State, 432 S.W.3d 741, 748 (Mo. banc 2014). A judgment is clearly erroneous when, after reviewing the entire record, the court is left with the definite and firm impression that the motion court

2

made a mistake. Id. The appellate court defers to the motion court's findings of credibility. Smith v. State, 413 S.W.3d 709, 715 (Mo. App. E.D. 2013).

In his sole point on appeal, Appellant argues the motion court erred in denying his motion for post-conviction relief pursuant to Rule 29.15 after an evidentiary hearing because trial counsel was ineffective in failing to advise him of the strength of the state's case, the risk of a ten-year sentence, and but for this ineffectiveness he would have accepted the State's plea offer.[1]

To prevail on an ineffective assistance of counsel claim, the movant must show counsel's representation was deficient and counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). This requires proof that counsel's representation fell below an "objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2064, 2068.

Additionally, "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded the effective assistance of counsel." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012). The defendant must also show, "if the prosecution had the discretion to cancel [the plea] or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Id. at 1410.

---

[1] Appellant did not assert the claim that counsel failed to inform him of the possibility of an Alford plea in his motion for post-conviction relief, but rather asserted a claim that counsel was ineffective in advising him before he rejected the three-year plea offer. Because the Alford claim was not raised in the motion, it is waived pursuant to Rule 29.15(d).

Appellant contends he rejected the State's three-year offer and went to trial because he was not informed of the strength of the State's evidence, which included evidence against his co-defendant and the possibility the jury would not believe his alibi. At the evidentiary hearing, trial counsel testified that he discussed accomplice liability and how evidence against Appellant's co-defendant was admissible. Appellant acknowledged during the evidentiary hearing that he knew the police officer was going to testify against him and he saw the police report that outlined the evidence against him and his co-defendant, though he believed the information was wrong and inadmissible.

Trial counsel attempted to have the evidence against the co-defendant excluded from trial, but was unsuccessful. He testified that he informed Appellant the evidence would come in at trial and discussed with Appellant what arguments and inferences could be made by a jury using the evidence found on the co-defendant. Trial counsel further testified that he was not surprised by any of the evidence presented by the State because it was all in the police report. Appellant was informed of the State's evidence against him, but chose to believe it was wrong or inadmissible. Trial counsel reasonably informed Appellant of the risks of going to trial and the sentence he could receive if convicted, and therefore, his performance was not deficient.

At the evidentiary hearing trial counsel noted that he and Appellant discussed Appellant's prior convictions and how they could come up if he took the stand in his trial, causing a jury to discount his alibi testimony. Appellant asserted trial counsel did not inform him of this. However, Appellant did testify at the evidentiary hearing that he understood the jury would determine if he was guilty or not guilty, and that trial counsel even reminded him an innocent man can go to prison for a crime he did not commit. This demonstrates Appellant was reasonably

4

informed that a jury might not believe his alibi, and therefore, trial counsel's performance was not deficient.

Appellant also contends he would have accepted the State's three-year plea offer if trial counsel advised him of the risk of receiving a ten-year sentence after a jury conviction. Both trial counsel and Appellant testified that Appellant rejected the three-year offer because he believed he was not guilty and claimed he was not one of the people inside the building during the burglary. Trial counsel testified he informed Appellant of the range of punishment for the crime and how Appellant's status as a prior and persistent offender would impact the sentence he received. Trial counsel never gave Appellant any guarantees on what would happen at trial. Rather, he advised Appellant of the risks associated with going to trial. Because trial counsel reasonably informed Appellant of the risks of going to trial and the sentence he could receive if convicted, his performance was not deficient.

Finally, to prove prejudice Appellant must demonstrate a reasonable probability that he would have accepted the plea if he had effective assistance of counsel. Frye, 132 S. Ct. at 1409. The motion court found Appellant's testimony unpersuasive and ambiguous as to whether he would have accepted the plea. We defer to the motion court's finding. Appellant maintained his innocence at the evidentiary hearing and indicated it would have been "a whole lot of pills to swallow when you sit up and say that you did something when you didn't do anything." During the evidentiary hearing Appellant acknowledged he would not plead guilty to a crime he did not commit and that motivated him to go to trial instead of taking the three-year offer. Trial counsel estimated Appellant "was not going to enter a plea of guilty under any circumstances." Appellant never conclusively stated he would have accepted the plea—even if there was a way he could do

so without admitting guilt. Therefore, Appellant failed to demonstrate a reasonable probability that he would have accepted the plea if he had effective assistance of counsel.

Therefore, we find the motion court did not err when it denied Appellant's motion for post-conviction relief. Point denied.

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., Presiding Judge

Mary K. Hoff, J. and
Roy L. Richter, J., concur.

6