Jose F. FLORES, Appellant,

v.

STATE of Missouri, Respondent.

WD 79469

Missouri Court of Appeals, Western District.

OPINION FILED: May 2, 2017

Gwenda Robinson, St. Louis, MO, for Appellant.

Daniel McPherson, Jefferson City, MO, for Respondent.

Before Division Two: Thomas H. Newton, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

James Edward Welsh, Judge

Jose F. Flores appeals the circuit court's judgment, after an evidentiary hearing, denying his Rule 29.15 motion for post-conviction relief, in which he claimed ineffective assistance of counsel. We affirm the circuit court's judgment.

## Background

The State charged Flores with ten counts of first-degree statutory sodomy, six counts of first-degree child molestation, and one count of first-degree statutory rape. The State alleged that, between January 1, 2005 and April 4, 2006, Flores and his girlfriend had sexually abused the girlfriend's two daughters, who were approximately ages eight and six at the time.

Flores's case went to trial in July 2012. At a bench conference during the testimony of one of the State's witnesses, the circuit court informed the attorneys that "three of the jurors are showing severe signs of trying to struggle to stay awake, and we'll make a record of that later." During a recess after the conclusion of that witness's testimony, the court made this record:

> The Court has noticed, because I watch the jury all the time, I watch them consistently and a lot, and I have noticed that Juror [No. 25], has been struggling to stay awake most of the afternoon. I thought I actually saw his, I know I saw his eyes close, I saw his head bob from about four o'clock on. It would only last for a couple of seconds and he would open his eyes, and look around the room, and he'd stretch.
>
> I'm just telling you, for your informational purposes, I've seen him, it appeared, to be struggling to stay awake. I didn't see him actually asleep. I noticed two other jurors who appeared to have some issues with that.
>
> I tell you that for whatever methods or things you want to do. If that continues with a particular juror and I think it interferes with their ability to hear the evidence, I'll consider replacing that ju-

ror with the alternate. And I may also take more frequent breaks, I don't know. That's also why I'm letting them bring the coffee in with them, which is a violation of the court rule, but that's okay. . . .

There was no further discussion of the matter at trial.

The jury convicted Flores on all seventeen counts. The circuit court sentenced Flores, who waived jury sentencing, to a combination of concurrent and consecutive sentences that resulted in a total of three consecutive life terms plus thirty years. *State v. Flores*, 437 S.W.3d 779, 784 (Mo. App. 2014).

Following this Court's denial of his direct appeal, *see id.* at 796, Flores filed a timely *pro se* Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15. Appointed counsel filed an amended Rule 29.15 Motion. One of the claims raised in the amended motion was that trial counsel was ineffective in failing to move to replace Juror No. 25 with an alternate juror based on the circuit court's statements about the juror's struggle to stay awake.

At an evidentiary hearing on Flores's 29.15 motion, defense counsel testified that he did not see any of the jurors sleeping at trial, and he did not recall Flores mentioning that to him. He stated that the trial court first brought the issue to his attention. Counsel opined that the trial court "handled the situation well," and he "didn't think there was any prejudice to [his] client based on what had gone on."

The circuit court ultimately denied this claim on the basis that Flores failed to establish that any jury member was sleeping during any of the proceedings. The court found that Flores's claim relied entirely upon the court's observation that some jurors were having trouble staying awake and that Flores had "drawn conclu-

sions from those observations that [were] not substantiated by the evidence." The court concluded that, because there was no evidence that a juror was actually sleeping, trial counsel could not be faulted for not taking action.

## Discussion

Flores contends that the motion court erred in denying his claim that trial counsel was ineffective in "failing to move to replace" Juror No. 25 with an alternate, because "the trial court's statements on the record indicated that Juror [No. 25] was sleeping" and, but for counsel's failures, "there is a reasonable probability that the outcome of the trial would have been different."

Our review of the circuit court's ruling on a Rule 29.15 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 29.15(k). The circuit court's findings are presumed to be correct. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013). Findings and conclusions are clearly erroneous only if, after reviewing the record, we are "left with a definite and firm impression that a mistake has been made." *Id.*

In order to establish that his trial counsel was constitutionally ineffective, a movant must prove by a preponderance of the evidence that counsel failed to satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* That test requires the movant to establish both (1) that his attorney's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney" and (2) that his attorney's failures prejudiced his case. *Tisius v. State*, 183 S.W.3d 207, 211–12 (Mo. banc 2006). To satisfy the first prong, Flores had to overcome a strong presumption that counsel's

actions were reasonable and effective and that any challenged action was based on a sound trial strategy. *Id.* at 211. To prove prejudice, he had to show that, "but for counsel's poor performance," there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 212. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

As the motion court correctly noted, in order to prevail on this claim, Flores had to prove that a juror or venire person was sleeping during the proceedings and that he suffered actual prejudice as a result. *See Johnson,* 406 S.W.3d at 906. At the 29.15 hearing, trial counsel testified that he had not seen any jurors sleeping, that he did not recall Flores mentioning any sleeping jurors, and that he was first made aware of the issue by the trial court. Counsel stated that he had done a lot of jury trials and that, at almost every one of them, jurors had become distracted or nodded off, but he had never felt the need to replace a sleeping juror or move for a mistrial on that basis. When asked if he had thought about removing Juror No. 25 after the judge's comments, Counsel replied: "I mean it entered my mind to do that. On the other hand, the State had a lot of evidence. I kind of felt like if the jury was not paying attention to it, that it wasn't necessarily a bad thing for my client. Now if they were sleeping during my evidence, I would think differently." Counsel said he thought that the court's remarks "covered everything" and that "the Judge handled it well." He further stated that he "didn't think there was any prejudice to [his] client at least based on what had gone on."[1]

■ As noted, the motion court denied this claim because Flores failed to establish that any jury member was sleeping during any of the proceedings. Our Supreme Court has denied similar ineffective assistance claims in capital cases where the record contained no evidence that a juror was actually sleeping. *See, e.g., Johnson,* 406 S.W.3d at 906; *State v. Ferguson,* 20 S.W.3d 485, 507–08 (Mo. banc 2000) (both affirming denial of ineffective assistance claims based on sleeping jurors because nothing in the post-conviction record or in the evidence at trial indicated that any juror was sleeping). Here, the record includes the trial court's declaration that it *did not see* Juror No. 25 sleeping. As the motion court pointed out, Flores "ignores the trial court's statements that the court was watching the jurors carefully, as is the court's practice; and the trial court's specific statement that 'I didn't see [Juror No. 25] actually asleep.'" The most the court observed was that some jurors were struggling to stay awake. But a juror's momentary lapse of attention is not grounds for removal. *State v. Tabor,* 657 S.W.2d 317, 320 (Mo. App. 1983). We find it significant that, after the court discussed carefully watching the jurors and allowing more breaks and coffee drinking, the issue of sleeping jurors did not come up again at trial.

■ To overcome the strong presumption that counsel's conduct was reasonable and effective, the movant must identify "specific acts or omissions . . . that, in light

---

1. Flores claims that Counsel stated, "in so many words," that trial strategy justified his failure to move to replace Juror No. 25. We are not convinced that Counsel's statements were necessarily a declaration of a strategic decision, but, even if they were, Flores does not persuade us that the strategy was "unreasonable." *See Johnson,* 406 S.W.3d at 899 (a trial strategy decision may be a basis for ineffective counsel "only if [it] was unreasonable").

of all the circumstances, fell outside the wide range of professional competent assistance." *Johnson,* 406 S.W.3d at 899. Here, Flores claims that counsel was ineffective in not moving to replace Juror No. 25, but counsel is not ineffective for failing to make non-meritorious objections or motions. *See Storey v. State,* 175 S.W.3d 116, 132 (Mo. banc 2005). Flores fails to establish that a motion to remove the juror would have been meritorious. The caselaw indicates that it would ***not*** have been.[2] *See, e.g., Johnson,* 406 S.W.3d at 906; *Ferguson,* 20 S.W.3d at 507–08; *Tabor,* 657 S.W.2d at 320.

In rejecting this claim, the motion court (which was the same court that presided over Flores's trial) explained that it was denying relief because "there was no evidence from the transcript or from testimony at this hearing which would justify a finding that one or more Jurors were sleeping during the presentation of evidence," and, thus, "there was no fault on the part of trial counsel." The motion court did not clearly err in so finding.

Even if Flores could establish that Juror No. 25 was sleeping, that would not entitle him to relief unless he could demonstrate that he was prejudiced by it. *See Vann v. State,* 26 S.W.3d 377, 381 (Mo. App. 2000) (citing *State v. Fritz,* 913 S.W.2d 941, 945 (Mo. App. 1996)) ("[t]he mere fact that a juror slept during the trial does not entitle Movant to relief[;] he must have been prejudiced by that sleeping"). Here, the motion court found it unnecessary to address the

issue of prejudice because Flores failed to show that any juror was sleeping during the proceedings.[3]

We, too, find it unnecessary to address prejudice in the context of this appeal. As noted, in order to prove ineffective assistance, Flores had to establish ***both*** (1) that trial counsel's performance was deficient and (2) that those deficiencies prejudiced his case. *See Tisius,* 183 S.W.3d at 211–12. If a movant fails to establish either, then we need not consider the other. *See State v. Simmons,* 955 S.W.2d 729, 746 (Mo. banc 1997). Here, we have concluded that Flores failed to prove that trial counsel's performance was deficient in this regard; thus, we need not address the issue of prejudice. Point denied.

### Conclusion

Flores fails to establish that the circuit court's denial of this particular claim of ineffective assistance of counsel was clearly erroneous. *See* Rule 29.15(k). Consequently, the point is denied, and we affirm the circuit court's judgment denying Flores's post-conviction motion.

All concur.

---

**2.** When asked about the likelihood that the court would have granted such a request, Counsel responded: "I really have no idea. . . . . I've done probably about 57 trials, and I've never had that issue come up actually, never had anybody request that. So I'm really honestly not sure how that would go."

**3.** In any event, Flores relied merely on conclusory statements to support his claim of

prejudice and failed to allege what evidence or testimony Juror No. 25 missed; thus, Flores could not prove prejudice. *See Vann,* 26 S.W.3d at 380–81 (rejecting a claim that movant was prejudiced by counsel's failure to "strike" a sleeping juror because the allegations were "conclusory" and movant did not identify what evidence or testimony juror allegedly missed).