**Michael Ray JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**ED 105128**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: December 12, 2017

---

Jessica Hathaway, 120 South Central, Suite 130, St. Louis, MO 63105, for appellant.

Joshua D. Hawley, Shaun J. Mackelprang, PO Box 899, Jefferson City, MO 65102, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

## Introduction

Michael Ray Jackson (Movant) appeals from the motion court's judgment denying his Rule 29.15[1] motion for post-conviction

1. All rule references are to Mo. R. Crim. P. (2017), unless otherwise indicated.

relief after an evidentiary hearing. We affirm.

### Background

After a trial, a jury convicted Movant of two counts of statutory sodomy in the first degree. The trial court sentenced Movant to concurrent terms of fifteen years in the Missouri Department of Corrections on one count and ten years on the other. This Court affirmed the convictions and sentences on appeal in State v. Jackson, 439 S.W.3d 276 (Mo. App. E.D. 2014).

Movant timely filed a *pro se* Rule 29.15 motion. Through appointed counsel, Movant filed a timely amended motion, which asserted, as relevant to the issues raised on appeal, trial counsel was ineffective for failing to impeach Victim with a birthday card she had sent Movant after the molestation had begun that suggested they had a good relationship, for failing to move for a mistrial after witnessing a juror sleeping during trial, and for failing to adequately advise Movant of the risks of proceeding to trial. The motion court granted an evidentiary hearing at which Movant and his trial attorneys, Anthony Muhlenkamp (Muhlenkamp) and Matthew Radefeld (Radefeld), testified.

Muhlenkamp testified to the following. His trial strategy had been to stress the inconsistencies in Victim's statements and behaviors to show she was fabricating the allegations against Movant. Muhlenkamp discussed the strength of the case with Movant, stating that they had a good defense with Victim's inconsistencies. Muhlenkamp warned Movant, however, the best defense in a sex-offense case is a motive for the victim to fabricate the allegations, of which there was none here. Muhlenkamp advised Movant that going to trial is high reward but high risk, with mandatory jail time if they lost.

Regarding plea negotiations, Muhlenkamp testified Movant was concerned about having to register as a sex offender if he pleaded guilty, and once the State made it clear it would not offer a plea deal to a non-registerable offense, Movant "dug in his heels" and insisted on going to trial. On the morning of trial, the State offered a plea deal to a reduction of the charges to one count of child molestation with probation, but Movant denied it after about 20-30 minutes of discussion with counsel because of the requirement that he register as a sex offender. Muhlenkamp stated he discussed with Movant the potential penalty if he was convicted, and Movant "seemed to understand" and wanted, instead, to proceed to trial because of the registration requirement.

As for Movant's claim of a sleeping juror, Muhlenkamp remembered Radefeld informing him that Movant had seen a juror sleeping. Although Muhlenkamp and Radefeld both watched the juror, Muhlenkamp did not see the juror sleeping. Because he did not see it, he decided not to make a record of it.

Last, Muhlenkamp agreed Movant had provided him with a birthday card Victim had given Movant to use for impeachment purposes. The card had a hand-drawn heart on it and included the signature: "Love your nieces, [A] & [Victim]." Muhlenkamp testified that he planned to cross-examine Victim about the birthday card because it fit with their trial strategy of pointing out that her behavior towards Movant was inconsistent with a victim of sexual abuse, but at trial Muhlenkamp forgot. He cross-examined Victim on other inconsistencies that were similar in theme but more persuasive, including that she had requested to move in with Movant and his wife around the same time as the alleged molestation. Muhlenkamp testified he did not believe that if he had cross-

examined Victim on the birthday card it would have made a difference, stating: "if [the jury wasn't] buying our defense with all the other stuff that we'd already told them, I don't think a birthday card would have put them over the top. ... Unfortunately, I just—they weren't believing our defense." Moreover, Muhlenkamp agreed Victim testified on the stand that she did love Movant, who was her uncle, and thus the birthday card in which she signed "love, your nieces" would have been cumulative to evidence already admitted.

Radefeld testified to the following. He and Muhlenkamp had many discussions with Movant about trial strategy, whether or not to go to trial, and the statutory range of punishment. His practice is to warn clients that every time they go before a jury there is only about a 50/50 chance of acquittal. Radefeld did not recall seeing a juror who was sleeping. Radefeld stated that compared to other much stronger evidence of Victim's inconsistencies, he did not believe the birthday card to be strongly discrediting to Victim's testimony. Moreover, in his experience with sex-offense cases, the victim will frequently continue to show affection towards the perpetrator while the abuse is ongoing.

Movant testified he told Radefeld about the sleeping juror and that together they watched the juror sleep for about ten minutes, but Radefeld stated he did not want to tell the judge because he did not want the judge to declare a mistrial. Movant agreed he did not want to register as a sex offender, but he testified Muhlenkamp and Radefeld misled him about the strength of his case, saying it was a good case with a 50/50 chance of acquittal. Movant believed that cross-examining Victim on the inconsistency of giving a birthday card to someone who was allegedly molesting you would have made his case stronger.

After the hearing, the motion court denied Movant's request for relief. This appeal follows.

## Standard of Review

Appellate review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals the motion court made a mistake. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009). We defer to the motion court's greater ability to judge the credibility of witnesses. Bradley v. State, 292 S.W.3d 561, 566 (Mo. App. E.D. 2009).

## Discussion

### Point I

In his first point on appeal, Movant asserts that the motion court erred in denying his Rule 29.15 motion because Muhlenkamp was ineffective for failing to adequately impeach Victim, in that Muhlenkamp forgot to impeach Victim with a birthday card Victim had given Movant suggesting a loving relationship between the two, which would have contradicted her testimony that she was afraid of Movant. Movant argues there was a reasonable probability that but for Muhlenkamp's ineffectiveness, the outcome of the trial would have been different. We disagree.

For relief based on a claim of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him.

Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson, 196 S.W.3d at 33; see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). Movant must satisfy both the performance and the prejudice prongs, and if Movant fails to satisfy one prong, then we need not consider the other. Robinson v. State, 469 S.W.3d 871, 879 (Mo. App. E.D. 2015). Movant bears a heavy burden on appeal to show that counsel was ineffective. State v. Powell, 798 S.W.2d 709, 717 (Mo. banc 1990).

▮▮▮ Muhlenkamp here agreed that he had intended to impeach Victim with the birthday card but forgot. The failure to impeach a witness does not give rise to ineffective assistance of counsel unless the impeachment would have provided the movant with a viable defense or would have changed the outcome of the trial. Woods v. State, 458 S.W.3d 352, 366-67 (Mo. App. W.D. 2014). "If a prior inconsistent statement by a [S]tate's witness does not give rise to a reasonable doubt as to Movant's guilt, such impeachment evidence is not the basis for a claim of ineffective assistance of counsel." Johnson v. State, 406 S.W.3d 892, 904 (Mo. banc 2013) (citation omitted).

Admitting the birthday card here would not have provided Movant with a viable defense or changed the outcome of the trial. See Woods, 458 S.W.3d at 366-67. Movant's trial strategy was to point out instances of Victim's behavior towards Movant that were inconsistent with a victim of sexual abuse. In line with this strategy, Muhlenkamp cross-examined Victim on several of these perceived inconsistencies to impeach her testimony that she was afraid of Movant. While questioning Victim about the birthday card would perhaps have bolstered the other admitted impeachment evidence, it did not on its own provide a viable defense not already before the jury. Both of Movant's attorneys testified at the evidentiary hearing that the birthday card would not likely have made a difference to the jury: Muhlenkamp stated the jury simply did not believe the defense strategy, and Radefeld stated the birthday card was not strongly discrediting compared to other admitted evidence of Victim's inconsistencies.

Moreover, even if Muhlenkamp had impeached Victim with her birthday card, which was signed "Love your nieces, [A] & [Victim]," the fact that Victim felt love for Movant does not give rise to a reasonable doubt whether Movant sexually abused her. See Johnson, 406 S.W.3d at 904. Movant is Victim's uncle, and that she would love him does not equate to his innocence of the charges. While Movant speculated that the birthday card would have helped his defense thus leading to a different outcome at trial, such speculation is insufficient to meet his burden on appeal. See Woods, 458 S.W.3d at 367.

Without evidence of deficient performance, we need not consider whether Movant was prejudiced. See Robinson, 469 S.W.3d at 879 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred). Thus, the motion court did not clearly err in denying Movant's request for post-conviction relief. Rule 29.15(k).

Point denied.

## Point II

In his second point on appeal, Movant argues the motion court erred in denying his Rule 29.15 motion because his trial counsel was ineffective for failing to make

a record and move for a mistrial after Movant witnessed a juror sleeping. We disagree.

Again, to succeed on a claim of ineffective assistance of counsel, Movant must show both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. Anderson, 196 S.W.3d at 33. In order to prevail on a claim of ineffective assistance for failing to take action regarding a sleeping juror, Movant had to prove that the juror was in fact sleeping during the proceedings and that Movant suffered actual prejudice as a result. See Flores v. State, 516 S.W.3d 468, 471 (Mo. App. W.D. 2017).

Here, both of Movant's trial attorneys testified at the evidentiary hearing that after Movant informed them a juror was sleeping, they observed the juror but did not see him sleeping. By contrast, Movant testified he and Radefeld had observed a juror sleeping for ten minutes. After hearing the conflicting testimony, the motion court concluded that "[e]ven if a juror did at some point close his or her eyes, at most it would have been a momentary lapse of attention and therefore not prejudicial." It is clear from this conclusion that the trial court resolved the conflicting testimony in favor of Muhlenkamp and Radefeld. Because the trial court has the better opportunity to determine the credibility of the parties during their testimony, we defer to the trial court's factual findings and credibility determinations. Zink v. State, 278 S.W.3d 170, 178 (Mo. banc 2009); State v. Darden, 843 S.W.2d 376, 377 (Mo. App. E.D. 1992) (we defer to motion court's unspoken credibility determination resolving conflict in testimony between counsel and movant regarding whether juror was sleeping). Because Movant here failed to establish that the juror was in fact sleeping, we need not reach the issue of whether he was prejudiced by the alleged sleeping juror. See Flores, 516 S.W.3d at 471-72 (movant is only entitled to relief on claim of ineffective assistance of counsel where movant establishes both that juror was sleeping and that he was prejudiced by it).

We see no clear error in the motion court's denial of Movant's Rule 29.15 motion, in that Movant failed to meet his burden to establish that either Muhlenkamp or Radefeld did not exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. Rule 29.15(k); Anderson, 196 S.W.3d at 33; see also Robinson, 469 S.W.3d at 879 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred).

Point denied.

### Point III

In his third and final point on appeal, Movant asserts the motion court erred in denying his Rule 29.15 motion because Muhlenkamp and Radefeld were ineffective for failing to advise him about the risks of proceeding to trial, and but for that ineffectiveness there was a reasonable probability that Movant would have accepted the State's pre-trial plea offer. We disagree.

To succeed here, Movant must show both that his trial counsel rendered deficient assistance during the plea bargaining process, and that he was prejudiced by this deficient performance. See Anderson, 196 S.W.3d at 33. A defendant is entitled to adequate assistance of counsel during the plea bargaining process. Missouri v. Frye, 566 U.S. 134, 143, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). To meet this obligation, defense counsel must

communicate formal offers from the prosecution. Id. at 145, 132 S.Ct. 1399. Likewise, defense counsel must provide adequate advice with respect to the plea offer. Lafler v. Cooper, 566 U.S. 156, 163, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). Next, to show prejudice on a claim of ineffective assistance of counsel stemming from a lapsed or rejected plea offer, the movant must demonstrate a reasonable probability that he or she would have accepted the plea offer had counsel provided effective assistance. Wrice v. State, 485 S.W.3d 382, 384 (Mo. App. E.D. 2016).

There is no question here that Movant's counsel communicated the plea offer, but Movant challenges the adequacy of his counsel's advice regarding the plea offer. In Lafler, the parties conceded the defense counsel's advice fell below the standard of adequate assistance of counsel, and thus the Supreme Court did not clarify what constitutes adequate advice on a plea offer. Id. We have found no Missouri case law setting forth a standard defining adequate advice following Lafler and Frye. Under the circumstances here, we find the evidence adduced at the evidentiary hearing here showed that Muhlenkamp and Radefeld tendered adequate advice regarding the State's plea offer.

On the morning of trial, the State offered a plea deal of a reduced charge, to which Movant would still have to register as a sex offender, and probation rather than jail time. Movant rejected the plea and proceeded to trial, whereupon he was convicted of two counts of statutory sodomy in the first degree and sentenced to a total of fifteen years in prison. Movant asserts he rejected the plea officer because Muhlenkamp and Radefeld were ineffective for failing to advise him of the risks of proceeding to trial, in that they stated Movant had a good case with a 50/50 chance of winning.

At the evidentiary hearing, Muhlenkamp and Radefeld both testified they had many discussions about trial strategy and the strength of the case with Movant. Muhlenkamp noted he discussed with Movant that while Victim's inconsistencies allowed them a good defense, there was no evidence of a motive to fabricate the allegations, which is the best defense. Radefeld agreed he told Movant there was a 50/50 chance of acquittal, but the statement was a general warning about the risks of going before a jury not a statement of the strength of the particular case. Muhlenkamp testified that Movant "dug in his heels" about pleading guilty to any offer that included a requirement that he register as a sex offender. Accordingly, although Muhlenkamp discussed the State's plea offer with Movant and Movant understood the consequences were the jury to find him guilty, because the plea offer included a sex-registration requirement, Movant rejected the offer.

On this evidence, the motion court found Movant failed to establish Muhlenkamp and Radefeld provided him with incompetent advice, but rather the court found they provided Movant with "lengthy and accurate advice." The motion court is free to believe or disbelieve the testimony of any witness, including the movant, and on appeal we presume the motion court's findings and conclusions are correct. Tate v. State, 461 S.W.3d 15, 24 (Mo. App. E.D. 2015). Without evidence of deficient performance, we do not consider whether Movant was prejudiced. See Robinson, 469 S.W.3d at 879 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred). Upon our review of the record, we find the motion court did not clearly err in denying Movant's Rule 29.15 motion.

Point denied.

## Conclusion

The judgment of the motion court is affirmed.

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.